[Civ. No. 26906. Second Dist., Div. Four. Sept. 6, 1963.]

H. PERRY, Plaintiff and Respondent, v. FRED SCHWARTZ, Defendant and Appellant.

Phill Silver for Defendant and Appellant.

Lawrence Lee Light for Plaintiff and Respondent.

BURKE, P. J.—Plaintiff Perry sued defendant Schwartz for attorney's fees for professional services rendered by plaintiff's assignor, Attorney Lawrence Lee Light. The court, sitting without a jury, first determined the issue presented by an affirmative defense of defendant that plaintiff's assignor was negligent in his representation of defendant in connection with the proceedings wherein such professional services were rendered. The court found that there was no negligence nor improper representation on the part of plaintiff's assignor. Judgment on the affirmative defense was entered in favor of plaintiff. The other issues presented by the pleadings were tried before a jury. Plaintiff's complaint asserted two causes of action: one, for services rendered on an open account; the other, on an account stated. The jury returned a verdict in favor of plaintiff on which judgment was entered and from which defendant appeals.

On appeal defendant contends prejudicial error was committed by the court in giving a special interrogatory to the jury and in refusing an instruction requested by defendant; further, that where objections are raised by a debtor as to the amount of the indebtedness, a cause of action based on an account stated will not lie.

The evidence established that plaintiff's assignor rendered legal services for defendant from June 1, 1959, to May 12, 1960, in connection with litigation between defendant and his brother relating to a partnership between them and seeking, in two superior court actions, dissolution, accounting and receivership.

The special interrogatory submitted to the jury, to which defendant objects, was as follows:

"Did the Defendant, Fred Schwartz, on June 10, 1960, promise and agree to pay Mr. Lawrence Light [plaintiff's assignor] the balance as shown on his statement amounting to $4,110.25?"

The interrogatory was answered, "Yes," by the jury.

Defendant offers no authority to support his objection to such interrogatory. Section 625 of the Code of Civil Procedure specifically provides: "In all cases the court may direct the jury to find a special verdict in writing, upon all, or any of

the issues, and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon.'' ■ The giving of special interrogatories lies in the discretion of the court. (*Sloan* v. *Stearns,* 137 Cal.App. 2d 289, 302, 303 [290 P.2d 382].) The court's determination of the propriety of a special finding is not subject to review in the absence of a clear abuse of discretion. (*House Grain Co.* v. *Finerman & Sons,* 116 Cal.App.2d 485, 498 [253 P.2d 1034].) ■ In the present instance the jury's finding on the special interrogatory was in accord with and sustained the general vedict.

■ The instruction requested and refused by the court to which defendant assigns error was as follows:

''You are instructed that although you may believe from the evidence that the plaintiff's assignor, Lawrence Light, sent, and the defendant received the statements read into evidence in this trial, and although the defendant made no objection to them at the time they were received; still, if you further believe the evidence that said account contained erroneous charges or false accounts and that the plaintiff's assignor knowingly concealed from the defendant the fact of their being erroneous or false, and that the defendant did not and could not by the exercise of reasonable care have discovered such errors or false statements, that a failure on his part to object to said accounts at the time of receiving them does not in law estop him from afterwards showing the proof in reference to the matters contained in such statements.''

■ California Rules of Court, rule 33(b),* requires ''. . . that if error is urged as to the giving, refusal or modification of instructions, the clerk's transcript shall include all written instructions given, and shall show at whose request they were given. . . .'' Defendant has failed to produce the record required for consideration of his objection to the refused instruction. Such purported assignment of error need not be considered therefore. (*People* v. *Lopez,* 93 Cal.App. 2d 664, 668 [209 P.2d 439]; *People* v. *Ramirez,* 139 Cal.App. 380, 382 [33 P.2d 848].)

■ Nevertheless it may be stated that defendant, by submission of letters, testimony and cross-examination during the trial, attempted to impeach the propriety of the charges for legal services rendered by plaintiff's assignor. Such attempt merely raised the issues of fact determined adversely

---

*Formerly Rules on Appeal, rule 33(b).

by the jury's verdict. It is apparent that the requested instruction implies that plaintiff has brought his action solely upon open accounts, provable by his monthly statements, or an implied account stated from such monthly statements. The pleadings and evidence clearly show, however, that the account stated was based specifically on a new promise and acknowledgment by defendant made on June 10, 1960, supported by a confirming letter of plaintiff's assignor on the same date. Accordingly, the requested instruction would have been misleading in view of the issues created. There was no pleading on the part of the defendant alleging the falsity or erroneous nature of any statements rendered for such legal services.

■ Instructions containing abstract rules of law not applicable to the case at bar are properly refused. (*Lloyd* v. *Boulevard Express,* 79 Cal.App. 406, 411 [249 P. 837].) ■ Instructions that are confusing or misleading should not be given. (*Kuehn* v. *Lowthian,* 124 Cal. App. 2d 867, 873 [269 P.2d 666].) ■ Under the law, it is necessary to show not only that an instruction was applicable and proper but that the refusal to give it resulted in a miscarriage of justice. (Cal. Const., art VI, § 4½; Code Civ. Proc., § 475.) ■ No such showing has been made. The evidence was before the jury purporting to impeach the propriety of the charges for legal services; the general verdict actually found on such factual issues despite the absence of the requested instruction and such general finding was confirmed by the affirmative answer to the special interrogatory to the effect that an account was stated and the debt acknowledged in full.

■ In similar vein defendant contends that an action based on an account stated will not lie where objections have been made to the amount of the indebtedness. Such statement is correct and applicable only if the objections raised precluded the existence of an account stated. The two are incompatible. An account stated, by its very nature, normally assumes the consideration of all objections, is usually a compromise, and is a final, conclusive acknowledgment of an exact amount due having in contemplation all credits and offsets. ■ An account stated is an agreed balance of accounts; an account which has been examined and accepted by the parties. It implies an admission that the account is correct, and that the balance struck is due and owing from one party to the other. ■ Its effect is to establish prima facie the accuracy of the items without further proof, and to con-

830

stitute a new contract on which an action will lie. (*Klein-Simpson Fruit Co.* v. *Hunt, Hatch & Co.*, 65 Cal. App. 625, 633 [225 P. 14]; *Vance* v. *Supreme Lodge F.B.*, 15 Cal.App. 178, 182 [114 P. 83].) In view of the finding of the jury, supported by substantial evidence, that an account was stated between the parties in the instant case, the judgment rendered was entirely proper. No error appears in the record prejudicial to defendant.

The judgment is affirmed.

Jefferson, J. and Kingsley, J., concurred.

A petition for a rehearing was denied October 2, 1963.