[Civ. No. 13929. Fourth Dist., Div. Two. Apr. 29, 1976.]

CHRISTOPHER ALLEN DRENZEK, Plaintiff and Appellant, v.
INMONT CORPORATION, Defendant and Respondent;
HARTFORD ACCIDENT AND INDEMNITY COMPANY,
Intervener and Respondent.

## COUNSEL

Ronald L. M. Goldman for Plaintiff and Appellant.

Barnes, Schag, Johnson & Carlson, Gregory R. Harris and Stewart L. Johnson for Defendant and Respondent.

No appearance for Intervener and Respondent.

## OPINION

**KAUFMAN, J.**—Plaintiff sued defendant for damages for injuries he allegedly sustained while working at defendant's factory. Following a

trial by jury, a verdict was returned against plaintiff and the trial court entered judgment accordingly. Plaintiff appeals from the judgment.

## Facts

On March 30, 1972, plaintiff Christopher Drenzek (hereinafter "plaintiff") slipped and fell during the course of his work at a paint factory owned and operated by defendant Inmont Corporation (hereinafter "defendant"). On that date, plaintiff, age 24, was employed as a security guard by Wells Fargo Security Guard Services and assigned to work the night shift at defendant's factory. Plaintiff had been so employed for approximately three years prior to his injury.

In addition to periodic inspections of defendant's premises, plaintiff's duties included the venting of certain paint-mixing machines known as "ball mills." The venting procedure required plaintiff to loosen and remove a plug located on each mill in order to release gases generated by the grinding action within the mill.

Plaintiff's injuries occurred at approximately 4 a.m. as plaintiff was in the process of venting one such mill. Plaintiff testified that as he approached the mill he noticed splotches of paint and grease on the walkway next to the mill. As plaintiff removed the vent plug, he was startled by an unusually large gust of noxious gases from the mill. Acting on reflex, plaintiff stepped back quickly, slipping and falling in the paint and grease and being knocked unconscious. Plaintiff regained consciousness in about an hour and crawled back to the guard headquarters to summon help.

Plaintiff's physician testified that plaintiff had suffered severe back injuries requiring surgery, but that surgery had been unsuccessful. As a result, plaintiff suffered continued pain and total work disability.

Plaintiff's complaint alleged that defendant's negligent maintenance of the work space next to the ball mill proximately caused his injuries. The prayer of the complaint asked for $100,000 in general damages, which was later amended to $200,000, and special damages according to proof.[1] Defendant's answer raised the affirmative defenses of contribu-

---

[1] Hartford Accident & Indemnity Company, workers' compensation insurance carrier for Wells Fargo, filed a complaint in intervention which was dismissed on stipulation of the parties that Hartford have a lien against any judgment awarded to plaintiff for disability payments made by Hartford to plaintiff and for any future payments.

tory negligence and assumption of the risk. At trial, plaintiff attempted to establish defendant's liability on two theories: first, that plaintiff's injuries were occasioned by defendant's negligence and, second, that plaintiff's injuries were occasioned by defendant's acts in violation of a safety order or provisions of the Labor Code. Under the latter theory, the trial court ruled the assertion of the defense of the assumption of the risk was completely barred and the defense of contributory negligence was barred to the extent that plaintiff's alleged contributory negligence consisted of encountering hazards created by defendant's violation of a safety order or the Labor Code. Accordingly, the trial court instructed the jury that plaintiff's contributory negligence or assumption of the risk could only bar his recovery if defendant's conduct which contributed to plaintiff's injury was not also a violation of a safety order or the Labor Code.

### Contentions—Discussion—Disposition

Plaintiff advances numerous contentions for reversal. In view of our conclusion, however, we need consider only one, which is dispositive. Other errors asserted are not likely to recur on retrial.

Plaintiff contends that the following instruction requested by defendant and given as modified by the trial court was erroneous: "If plaintiff assumed the risk of harm *from conduct of a person which did not violate either a safety order or the Labor Code,* plaintiff may not recover for an injury which resulted solely from that conduct. If, however, plaintiff assumed the risks created by a person's violation of a safety order or the Labor Code, plaintiff may nevertheless recover damages for any injury that proximately resulted from that violation, regardless of whether conduct not in violation of any safety order or the Labor Code contributed to cause such an injury." (Italics added.) The quoted language was inserted into the blank provided in BAJI No. 4.30[2] for a description of the risk which defendant contended plaintiff assumed.

---

[2]BAJI No. 4.30 reads as follows: "If plaintiff assumed the risk [of harm] from _____ he may not recover damages for an injury resulting therefrom.

"In order for plaintiff to have assumed such risk, he must have had actual knowledge of the particular danger and an appreciation of the risk involved and the magnitude thereof, and must thereafter have voluntarily assumed such risk.

"For a person to act voluntarily he must have freedom of choice. This freedom of choice comes from circumstances that provide him a reasonable opportunity, without violating any legal or moral duty, to safely refuse to expose himself to the danger in question.

"In determining whether the plaintiff assumes such risk, you may consider his maturity, intelligence, experience and capacity, along with all the other surrounding circumstances shown by the evidence."

Plaintiff argues that the trial court misled the jury by failing to describe in its instructions the specific risk, the assumption of which by plaintiff would bar his recovery. We agree.

It is well settled that in order for the jury to find that plaintiff assumed the risk which contributed to his injury, the jury must determine both that the plaintiff had actual knowledge of the particular risk of harm involved and that he appreciated the magnitude of that risk. (*Vierra* v. *Fifth Avenue Rental Service,* 60 Cal.2d 266, 271 [32 Cal.Rptr. 193, 383 P.2d 777]; *Shahinian* v. *McCormick,* 59 Cal.2d 554, 566-567 [30 Cal.Rptr. 521, 381 P.2d 377].) Definition of that risk in the instructions is essential. (See *Timmons* v. *Assembly of God Church,* 40 Cal.App.3d 31, 37-38 [115 Cal.Rptr. 917]; see also CALJIC (5th ed. 1969) No. 4.30, Use Note at p. 120.) By defining the risk of harm as that "from the conduct of a person" which is not a violation of safety order or the Labor Code, the subject instruction allowed the jury to speculate as to which among several possible risks of harm plaintiff might have assumed. Such an instruction is clearly incomplete and misleading and, thus, erroneous. (Cf. *Hardin* v. *Elvitsky,* 232 Cal.App.2d 357, 372 [42 Cal.Rptr. 748]; *Perry* v. *Schwartz,* 219 Cal.App.2d 825, 829 [33 Cal.Rptr. 511].)

We conclude that this instruction was prejudicial and mandates a reversal of the case. To conclude otherwise, we would be required to find that the subject instruction was mere surplusage; such a determination could only be based on our finding as a matter of law either that defendant had not been negligent or that plaintiff had been contributorily negligent. (See *Vierra* v. *Fifth Avenue Rental Service, supra,* 60 Cal.2d at p. 275.) The evidence is not sufficient to warrant either finding.

Judgment reversed.

Tamura, Acting P. J., and McDaniel, J., concurred.

A petition for a rehearing was denied March 29, 1976.