[Civ. No. 18514. Third Dist. Aug. 26, 1980.]

W. W. KUNZLER, Plaintiff and Appellant, v.
NORMAN L. KARDE et al., Defendants and Respondents.

COUNSEL

Michael F. Silberstein for Plaintiff and Appellant.

Martha Losh and Morgan J. Peacock, in pro. per., G. Chris Larson, James L. Roeder, David A. Wilson, Gibson & Gibson and Howard G. Gibson for Defendants and Respondents.

OPINION

**CARR, J.**—Plaintiff appeals from an order dismissing his action for want of prosecution in failing to bring the action to trial within two years after the complaint was filed.

The initial complaint was filed in propria persona against defendants for fraud and conversion on March 4, 1974. After demurrers by defendant Karde and other defendants were sustained, plaintiff secured counsel and filed an amended complaint on September 3, 1974. Demurrers and motions to strike were again filed by some of the defendants

which were overruled. The last answer by any defendant was filed in August 1976. The action then slumbered until plaintiff filed a motion to advance on January 5, 1979.[1] The declaration in support of the motion averred, without factual detail, that plaintiff "has heretofore been prevented from bringing this action to trial through mistake, inadvertence and excusable neglect." The motion was opposed by several defendants.

At a January 15, 1979, hearing the trial court granted the motion, set the action for trial on February 27, 1979, and on its own motion set a hearing to dismiss the action for failure to prosecute for February 13, 1979. After the hearing the court dismissed the action, finding after consideration of all the factors delineated in rule 203.5, California Rules of Court, that there had been inexcusable delay in bringing this action to trial, that plaintiff had wholly failed to show any justifiable excuse for the delay and that the interests of justice required the dismissal. The court further found plaintiff had waived the 45-day notice requirement of rule 203.5. Plaintiff appeals from the "Judgment of Dismissal." We note there is no "Judgment of Dismissal" in the record. We therefore treat the court's minute order of February 14, 1979, as such a judgment to vitalize this appeal.

Plaintiff makes four contentions: (1) the dismissal was contrary to public policy; (2) the trial court's mental set prevented the exercise of objective discretion; (3) there was good cause for delay, and (4) plaintiff did not waive the 45-day notice required by California Rules of Court, rule 203.5(a).

Code of Civil Procedure section 583, subdivision (a) confers on the trial court *discretion* to dismiss an action for want of prosecution if not brought to trial within two years of filing the complaint. "The exercise of the trial court's discretion will be disturbed only for clear abuse. . ." (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) "The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power." (*Loomis* v. *Loomis* (1960) 181 Cal.App.2d 345, 348-349 [5 Cal.Rptr. 550], cited with approval in *Denham* v. *Superior Court, supra*, 2 Cal.3d at p. 566.)

---

[1] A notice of deposition of defendant was filed but the deposition was never taken.

█ Applying these well established principles, we do not find plaintiff has sustained his burden of demonstrating an abuse of discretion.

█ Plaintiff's last contention is directly refuted in the court's minute order, which states: "Counsel for plaintiff has waived the 45-day requirement set forth in California Rules of Court, rule 203.5." Plaintiff attempts to argue that the trial court coerced him into such waiver by threatening to vacate the trial date. However, there is no reporter's transcript of the hearing on the motion in the record of this case and we cannot consider the unsubstantiated factual allegations made in plaintiff's appellate brief. (*People* v. *Merriam* (1967) 66 Cal.2d 390, 397 [58 Cal.Rptr. 1, 426 P.2d 161]; overruled on other grounds in *People* v. *Rincon-Pineda* (1975) 14 Cal.3d 864, 882 [123 Cal.Rptr. 119, 538 P.2d 247, 92 A.L.R.3d 845].) █ A judgment or order of the lower court is presumed to be correct and we must indulge in all intendments and presumptions to support it when the record is silent. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 235, pp. 4225-4226.)

█ We observe also that the notice period may be shortened under section 1005, Code of Civil Procedure. (*Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701, 705 [102 Cal.Rptr. 190].) Moreover, on January 15, 1979, the trial court set its motion to dismiss for February 13, 1979; plaintiff had 29 days within which to appear specially to object to the court's motion on its timeliness or to seek appellate relief. To the contrary, he appeared and argued the motion on its merits. Any defect in notice was thereby waived. (*Tate* v. *Superior Court* (1975) 45 Cal. App.3d 925, 930 [119 Cal.Rptr. 835].)

Plaintiff's contention that the dismissal is contrary to public policy is likewise meritless. █ We concur that public policy generally favors trial on the merits. (See *Denham* v. *Superior Court, supra,* 2 Cal.3d at p. 566.) But this policy is not absolute. There is a competing policy expressed by the Legislature in section 583, subdivision (a) of the Code of Civil Procedure, which seeks to prevent unreasonable delays in litigation. (*Ibid.*) The trial court concluded the delay was unreasonable and without good cause.

Plaintiff relies on the interpretation of *Denham, supra,* found in *United Farm Workers National Union* v. *International Brotherhood Of Teamsters* (1978) 87 Cal.App.3d 225 [150 Cal.Rptr. 761], that even in the complete absence of a showing of good cause for delay, the trial court may, but is not required to dismiss an action. We note first that

such holding is small succor to plaintiff even if it were a correct interpretation of *Denham*, which it is not. The *United Farm Workers* court criticized this court's holding in *Dunsmuir Masonic Temple* v. *Superior Court* (1970) 12 Cal.App.3d 17 [90 Cal.Rptr. 405], and stated *Dunsmuir* should be disapproved because it misinterpreted *Denham*.[2] We suggest the court in the *United Farm Workers* case improvidently moved the permissive word "may" from the appellate court to the trial court. *Denham* did not hold "that when there is an entire absence of a showing of good cause the trial court *may* (i.e., has discretion to) dismiss the action." (*United Farm Workers, supra*, at p. 235; italics in original.) *Denham* held "[i]t is only when there is an entire absence of any showing constituting good cause presented in the Superior Court upon the hearing of the motion to dismiss that" an appellate court may properly issue mandate to compel dismissal. (See *Denham, supra*, 2 Cal.3d at p. 564.) The *Denham* case then went on to state: "In the present case. . .there was not 'an entire absence of any showing constituting good cause presented. . .upon the hearing of the motion to dismiss.' Accordingly, the petition for writ of mandate should be denied." (*Ibid.*) The *Denham* decision merely freed plaintiffs from justifying long delays in litigation in a limited sense. A plaintiff is no longer obligated to file an affidavit or declaration showing good cause for delay or face the penalty of automatic dismissal. The trial court may judicially notice its own file or other matters which provide justification for delay and is required by rule 203.5 (e), California Rules of Court, to consider all matters relevant to a proper determination of a motion to dismiss, including the court's own file, the availability of parties for service, the extent of settlement negotiations, the diligence with which discovery has been pursued, the pendency of other similar litigation and other enumerated factors. ■ But the concept that a trial court, absent any evidence of good cause for protracted delays, may deny a motion to dismiss is not to be found in *Denham* and is faulty.

■ In the instant case, the only showing of good cause was plaintiff's counsel's allegations that he mistakenly believed an at issue memorandum had been filed during an office relocation. This will not support a finding that the court erred in dismissing an action. (See *Sanborn* v. *Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 418 [134 Cal.Rptr. 402, 556 P.2d 764].) ■ As stated by this court in *Dunsmuir Ma-*

---

[2]In footnote 9, at page 397, in *Lopez* v. *Larson* (1979) 91 Cal.App.3d 383 [153 Cal.Rptr. 912], the court aptly noted the criticism was unwarranted and the ruling of the *United Farm Workers* court was itself the "product of defective analysis."

*sonic Temple* v. *Superior Court, supra*, 12 Cal.App.3d at pages 22-23: "The purpose of Code of Civil Procedure section 583 is dual: one is effectually the same as that of statutes of limitation—they are both statutes of repose, seeking to discourage stale claims 'to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' [Citations.] Secondly, the dismissal section is designed to compel reasonable diligence in the prosecution of actions, thereby expediting the administration of justice."

■ Plaintiff urges the "mental set"[3] of the trial court was one of predisposition against him and this prevented an objective, impartial determination of the motion to dismiss. He suggests this biased state of mind is demonstrated in emanations from the minute order. Such emanations are not detected by us and we are not persuaded that the exercise of discretion by the trial judge was capricious, arbitrary or predisposed. The "mental set" concept was enunciated in a factual setting far different from this case. In *United Farm Workers, supra*, 87 Cal. App.3d 225, the trial court dismissed actions 26 months after the complaints were filed and in which a change of venue had been granted, a substitution of attorneys had been made, interrogatories and objections thereto filed, and similar actions were pending in which discovery was ongoing. The judgments of dismissal were properly reversed though for the wrong reason.[4] Before us we have a much belated attempt to salvage an action which virtually languished from its inception some 59 months before the order of dismissal. We find no abuse of discretion.

The judgment (order) is affirmed.

Puglia, P. J., and Evans, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 12, 1980.

---

[3]Another product of *United Farm Workers, supra*, 87 Cal.App.3d at page 233.

[4]The reason stated was reliance by the trial court on *Dunsmuir Masonic Temple* v. *Superior Court, supra*, 12 Cal.App.3d 17.