[Civ. No. 69424. Second Dist., Div. Four. Sept. 14, 1984.]

MYRNA FLEMING, Plaintiff and Respondent, v.
SAFECO INSURANCE COMPANY OF AMERICA, INC.,
Defendant and Appellant.

34

COUNSEL

James J. Duryea, Lascher & Lascher, Edward L. Lascher and Wendy C. Lascher for Defendant and Appellant.

Greene, O'Reilly, Agnew & Broillet and James R. McGrath for Plaintiff and Respondent.

OPINION

TITLE, J.*—Defendant Safeco appeals from a judgment rendered against it pursuant to jury verdict and from an order denying Safeco's motion for a judgment notwithstanding the verdict.

### STATEMENT OF FACTS

Plaintiff suffered severe injuries in an automobile accident on April 27, 1974, when the automobile in which she was riding as a passenger was rear

---

*Assigned by the Chairperson of the Judicial Council.

ended by a stolen vehicle. At the time of the accident she was insured for medical payments and Uninsured Motorist Coverage with Safeco as an additional insured under her parents' policy. The limits of the policy for the incident in question were $15,000. Some time after the accident an offer of $10,000 was made by Safeco and rejected by plaintiff, and the matter was eventually resolved by an arbitration award in the sum of $15,000 in November of 1975, approximately one and one-half years after the accident.

After payment of the award, plaintiff brought the instant action for compensatory and punitive damages on the ground that Safeco had been guilty of bad faith as well as malicious and oppressive conduct in the handling of her claim. The jury returned a special verdict in plaintiff's favor on October 14, 1981, in which it found among other things that both plaintiff and Safeco had engaged in conduct amounting to bad faith, that such conduct by both parties had contributed proximately to plaintiff's gross compensatory damages totalling $14,300, that 26 percent of such damages were attributable to plaintiff's bad faith conduct and 74 percent to Safeco's bad faith conduct, and that as a result plaintiff was entitled to recover net compensatory damages of $10,582. The jury also found that plaintiff was entitled to recover punitive damages in the sum of $116,500. Safeco's motion for a judgment notwithstanding the verdict was denied by the trial court and this appeal followed. Safeco urges a reversal on various grounds which are hereinafter discussed.

## THE ISSUE OF BAD FAITH

Considerable evidence was introduced on this issue by both plaintiff and Safeco in the form of testimony, expert and otherwise, as well as documentary evidence. Plaintiff contends that Safeco acted unreasonably and in bad faith in delaying the settlement of the claim which clearly and unequivocally justified the payment of the policy limits of $15,000. Safeco contends that there was no substantial evidence to support a finding of bad faith by the jury; that its conduct amounted to nothing more than the reasonable exercise of its rights to investigate and appraise the claim, which it accomplished in a diligent fashion; that it thereafter made a reasonable offer accordingly; and that under all of such circumstances it could not, as a matter of law, be held liable for bad faith. On the other hand, plaintiff contends that there was indeed substantial evidence to support a finding of bad faith on the part of Safeco.

Considerable finger pointing was involved by each side against the other on the issue of the cause of the delay in finally resolving plaintiff's uninsured motorist's claim. Conflicting opinions of experts were expressed as to whether or not Safeco's conduct was unreasonable and in bad faith. The

evidence was also in considerable conflict on a number of other factual issues as well. The jury saw fit to resolve these conflicts in favor of plaintiff.

■ While no purpose would be served by a prolonged and tedious examination of the evidence, these contrary assertions by the parties make it necessary for us to examine the state of the evidence on the bad faith issue.

There was evidence presented by plaintiff which could be reasonably interpreted as indicating that Safeco was not pursuing the adjustment of this claim with any degree of diligence. For example, requests by Safeco for information from plaintiff's counsel seem to have been spaced out over a much longer period than was reasonable under the circumstances. There was evidence indicating that some seven months elapsed from the date of the accident before Safeco even concluded from its investigation that the vehicles involved were uninsured. Over these months, the investigation was passed from Safeco adjuster to adjuster, some of whom did not even have the authority to pay the policy limits of $15,000.

Bearing in mind the nature and seriousness of the accident and the injuries, the jury was entitled to conclude that the offer of $10,000 was unreasonable and not made in good faith. On the other side of the coin, there were indeed opinions expressed by experts and other evidence in support thereof that the offer was a reasonable one under the circumstances. There was also evidence which could be reasonably construed as involving some foot dragging on the part of plaintiff or her counsel in furnishing some of the required information to Safeco, and as a matter of fact, it is apparent that some of this evidence was accepted as true by the jury in view of its finding of bad faith on the part of plaintiff as well. The only reasonable conclusion we can reach from the entire record is that there was substantial evidence to support a finding of bad faith on the part of Safeco, and it was within the province of the jury to determine whether to accept or reject that evidence.

■ "In reviewing the evidence on such an appeal all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. It is an elementary, but often overlooked principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court." (*Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183]; also see *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d

920 [101 Cal.Rptr. 568, 496 P.2d 480]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 245, pp. 4236-4238.)

The jury having found bad faith on the part of Safeco in failing to diligently settle plaintiff's uninsured motorist's claim, plaintiff was entitled to recover damages based upon such finding.

█ The failure of an insurer to deal fairly and in good faith with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy, including a loss under an uninsured motorist's endorsement, may give rise to a cause of action in tort for breach of the implied covenant of good faith and fair dealing. (*Neal* v. *Farmers Ins. Exchange* (1978) 21 Cal.3d 910 [148 Cal.Rptr. 389, 582 P.2d 980].)

Based upon the above comments, there is no basis upon which the finding of bad faith of Safeco and its liability therefor may be successfully attacked on appeal.

## The Award of Compensatory Damages

Safeco makes a double barreled attack on the finding of the jury that there were compensatory damages totalling $14,300. It first contends that there was simply no evidence to support any finding of compensatory damages. It further contends that even assuming there was evidence to support an award of some compensatory damages, the award was excessive and far beyond what the evidence justified. To reach these contentions, we must again return to the basic principle that we only look to see whether there is any substantial evidence, contradicted or uncontradicted, which would support this finding.

█ It is argued by Safeco that plaintiff's financial loss consisted of costs and an increase in the attorney's contingent fee, all totalling $1,528.32, and that the entire balance of $12,771.68 of the compensatory award necessarily was compensation for fears, anxiety, and emotional distress allegedly resulting from Safeco's bad faith as distinguished from the accident itself, concerning which there was simply no evidence. Plaintiff counters by arguing that the evidence overwhelmingly demonstrated mental and emotional distress proximately resulting from Safeco's bad faith. Plaintiff testified specifically that she began to get concerned about how Safeco was handling her claim in the early fall of 1974, and that as the arbitration date approached, she became more and more nervous and upset worrying about it, particularly when she realized that she would have to again relive the horror of the accident. This was also confirmed by her father's testimony to the effect that at one point her anxiety became so bad that she had to be

hospitalized for hyperventilation. As a matter of fact, Safeco itself quoted the testimony of plaintiff in its own brief which confirmed her emotional distress concerning the necessity to participate in an arbitration trial. This testimony included the following:

"Q. Did the fact that the arbitration was drawing near have anything to do with the hospitalization that occurred in April of 1975?

"A. Well, I was very nervous and very upset just worrying about it and just having one more problem, especially that involved a lot of pain. It was just a lot to deal with."

"Of course, any substantial evidence in support of the jury's conclusion is sufficient . . ." to support an award of damages for emotional distress. (*Austero* v. *Washington National Ins. Co.* (1982) 132 Cal.App.3d 408, 417 [182 Cal.Rptr. 919].)

We are satisfied from this state of the record that there was substantial evidence to support the finding of the jury regarding the compensatory damages. Nor is there any basis from which to conclude that the damages were so disproportionate to the emotional distress suffered by plaintiff as to indicate that the verdict resulted from passion or prejudice. As hereafter indicated, the substitution of our own view of the evidence, its inferences and deductions is impermissible unless it is clear that the award was the result of passion or prejudice, which we do not find to be the case.

Safeco's reliance on cases in which such compensatory damage awards were overturned is misplaced, since those cases without exception involved a failure of the record to indicate any substantial evidence to support the awards.

■ ". . . there is no fixed or absolute standard by which to compute the monetary value of emotional distress, and the jury must necessarily be left to the exercise of a wide discretion, to be restricted by the appellate court only when the sum awarded is so large that the verdict shocks the moral sense and raises a presumption that it must have resulted from passion or prejudice. 'The question of what may be reasonable compensation in cases of this kind is a matter on which there legitimately may be a wide difference of opinion. . . .' " (*Fletcher* v. *Western National Life Ins. Co.* (1970) 10 Cal.App.3d 376, 409 [89 Cal.Rptr. 78, 47 A.L.R.3d 286].)

■ We conclude that the award of compensatory damages was supported by substantial evidence, was not excessive and therefore not subject to attack on that ground.

## CONTENTIONS OF ERROR IN JURY INSTRUCTIONS

▮ Safeco takes the position that the trial court committed reversible error in refusing to give the following instruction which was requested by Safeco: "An insurance company is not required to pay its policy limits on every claim presented to it. Besides the duty to deal fairly with the insured, the insurer also has a duty to other policy holders and to the stockholders."

Plaintiff contends that this instruction was properly refused because it was not a correct statement of the law, and in any event was an argumentative instruction. It is of course a truism that every party to an action is entitled to have the jury instructed on every theory supported by the evidence or by inferences reasonably available from the evidence. (*Phillips* v. *G. L. Truman Excavation Co.* (1961) 55 Cal.2d 801, 806 [13 Cal.Rptr. 401, 362 P.2d 33]; *Richardson* v. *Oliveri* (1966) 244 Cal.App.2d 369 [53 Cal.Rptr. 59].) However, this does not mean that a requested incomplete or misleading instruction must be given. (*Dorsic* v. *Kurtin* (1971) 19 Cal.App.3d 226 [96 Cal.Rptr. 528]; 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 194, pp. 3013-3014.)

The above quoted instruction was neither complete nor accurate. It is of course elementary that an insurer is not required to pay every claim presented to it, and we believe that this was made amply clear by the instructions to the jury which indicated that the defendant would be liable only if it failed to deal fairly, reasonably and in good faith with plaintiff. It is also true that the insurer has a duty not to dissipate assets to the prejudice of other policy holders of the insurer and its stockholders by paying more than it reasonably should on a claim. (*Austero* v. *National Cas. Co.* (1978) 84 Cal.App.3d 1, 30 [148 Cal.Rptr. 653].) Nevertheless, the first and primary duty of the insurer is to pay a claim to its insured if such payment would be reasonable under all of the circumstances, even though the payment of that claim would obviously reduce the assets of the carrier and the interest of its stock holders. It is the failure to make this clear which renders the proffered instruction incomplete and misleading. As pointed out by *McCormick* v. *Sentinel Life Ins. Co.* (1984) 153 Cal.App.3d 1030, 1043 [200 Cal.Rptr. 732], the conduct of an insurer in rejecting a claim is unreasonable if inconsistent with placing the insured's interests above those of the insurance company and its stock holders.

Since the proffered instruction was incomplete and misleading, the trial court had no obligation to give the instruction and had no duty to modify the instruction on its own motion.

▮ " 'In a civil case, each of the parties must propose complete and comprehensive instructions in accordance with his theory of the litigation;

if the parties do not do so, the court has no duty to instruct on its own motion.' " (*Merlo* v. *Standard Life & Acc. Ins. Co.* (1976) 59 Cal.App.3d 5, 13 [130 Cal.Rptr. 416]; *Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].)

In addition, since the jury was basically instructed to the effect that an insurer must act reasonably on claims of the insured, the instruction in any event would have been repetitious. The trial court is not required to give repetitious instructions to the jury. (*Deaile* v. *General Telephone Co. of California* (1974) 40 Cal.App.3d 841 [115 Cal.Rptr. 582].)

It follows from the above analysis that no prejudicial error resulted from the failure to give the instruction requested by defendant.

■ Defendant further contends error was committed by the trial court in giving BAJI instruction No. 2.02 which reads as follows: "If weaker and less satisfactory evidence is offered by a party, when it was within his power to produce stronger and more satisfactory evidence, the evidence offered should be viewed with distrust."

The record is silent as to whether it was plaintiff, Safeco, or both who requested this instruction, or whether it was rather given on the court's own motion. If it were true that the instruction was requested by Safeco, it would be considered invited error, concerning which Safeco could not complain. (*Pobor* v. *Western Pac. R. R. Co.* (1961) 55 Cal.2d 314 [11 Cal.Rptr. 106, 359 P.2d 474]; *Correll* v. *Clark Equipment Co.* (1978) 76 Cal.App.3d 548 [143 Cal.Rptr. 269]; *Jentick* v. *Pacific Gas & Elec. Co.* (1941) 18 Cal.2d 117 [114 P.2d 343].)

As the appellant herein, Safeco had the duty to produce a proper record on appeal so as to indicate how it came about that this instruction was given. Failing to do so precludes Safeco's right to urge this as a ground for reversal. (*Perry* v. *Schwartz* (1963) 219 Cal.App.2d 825 [33 Cal.Rptr. 511]; *Kunzler* v. *Karde* (1980) 109 Cal.App.3d 683, 688 [167 Cal.Rptr. 425].)

It is apparent from the record that during final argument both sides argued that the other did not produce stronger evidence available to it as to various items of evidence. For example, plaintiff argued that one William Smith, a former employee of Safeco, resided out of state and for that reason could not be subpoenaed by plaintiff. Plaintiff inferred in the argument that Smith could have been produced by Safeco because he was a former employee of Safeco. On the other hand, Safeco argued that plaintiff had failed to introduce the insurance policy into evidence without indicating any reason for

not so doing, had further failed to introduce the claim file into evidence, and finally had also failed to call plaintiff's husband and sister on the issue of emotional distress. Thus it appears that there was ample reason to give BAJI instruction No. 2.02 other than because of the failure of Safeco to produce Mr. Smith at the trial.

The fact that Mr. Smith was a former employee of Safeco did not in and of itself indicate that Safeco could produce Mr. Smith at the trial. It thus appears that Mr. Smith would have been equally available as a witness to both plaintiff and Safeco. ■ Where a witness is equally available to both parties, it is error to comment upon the failure of the opposing party to produce that witness. (*Winkle* v. *Turlock Irr. Dist.* (1937) 24 Cal.App.2d 1, 7 [74 P.2d 302].) The error, however, would have not been in the giving of the instruction, since it was otherwise justified, but rather in permitting the making of the argument itself. The record does not indicate that any objection was made by Safeco to such argument by plaintiff, and having failed to make such objection, the error was waived. (*Horn* v. *Atchison T. & S. F. Ry. Co.* (1964) 61 Cal.2d 602, 610 [39 Cal.Rptr. 721, 394 P.2d 561].)

In *Menasco* v. *Snyder* (1984) 157 Cal.App.3d 729 [203 Cal.Rptr. 748], where defense counsel committed prejudicial misconduct in his closing argument, the court stated the following on page 733: "Moreover, plaintiff's failure to object to alleged misconduct in the court below constitutes a waiver of her right to have the matter addressed on appeal. (*Whitfield* v. *Roth* (1974) 10 Cal.3d 874, 891-892 [112 Cal.Rptr. 540, 519 P.2d 588].) ■ ' "[A] claim of misconduct is entitled to no consideration on appeal unless the record shows a timely and proper objection and a request that the jury be admonished." ' "

We conclude that no prejudicial error resulted from the giving of BAJI instruction No. 2.02.

Safeco has made some further contentions regarding alleged prejudicial error in connection with the giving of instructions, but we find no merit in those contentions.

### THE AWARD OF PUNITIVE DAMAGES

Safeco advances a number of arguments as to why this court should find the punitive damage law as applied in California to be unconstitutional. As will be pointed out, we are unpersuaded by these arguments for two basic reasons: first, these arguments in the main have been consistently rejected by the California appellate courts as well as the United States Supreme Court; and secondly, raising the issue for the first time on appeal comes too

late. While we concede that considerable criticism has been leveled against the concept of punitive damages over the years, a host of cases has upheld the law after constitutional scrutiny. No purpose would be served in citing the entire litany of cases which have upheld the constitutionality of the punitive damage law in California, but in passing we note that they include *Fletcher* v. *Western National Life Ins. Co., supra,* 10 Cal.App.3d at page 404; *Wetherbee* v. *United Ins. Co. of America* (1971) 18 Cal.App.3d 266 [95 Cal.Rptr. 678]; *Zhadan* v. *Downtown L. A. Motors* (1976) 66 Cal.App.3d 481, 502 [136 Cal.Rptr. 132]; *Grimshaw* v. *Ford Motor Co.* (1981) 119 Cal.App.3d 757 [174 Cal.Rptr. 348]; and *Egan* v. *Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 820 [169 Cal.Rptr. 691, 620 P.2d 141].

In connection with the issue of waiver, Safeco's contentions of unconstitutionality are raised in this litigation for the first time on appeal. The record does not reflect that this specific issue was raised in any manner by Safeco on a pretrial basis, during the trial, or in any post trial motions. ■ A cardinal principle of appellate procedure is that contentions not raised in the trial court may generally not be raised for the first time on appeal. (*Wilson* v. *State Personnel Bd.* (1976) 58 Cal.App.3d 865, 882 [130 Cal.Rptr. 292].)

■ The general rule applicable in civil cases is that a constitutional question must be raised at the trial level to preserve the issue on appeal. (*Snelson* v. *Ondulando Highlands Corp.* (1970) 5 Cal.App.3d 243, 259 [84 Cal.Rptr. 800].) While we recognize that California authorities have not been uniform in the application of this principle, the constitutionality of the questioned law has been upheld in innumerable cases. We deem it appropriate to follow the general rule and refuse to plow the same field again. (*Hale* v. *Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512].)

It thus appears that there is no basis on which Safeco is entitled to attack the constitutionality of the punitive damage law as it is applied in this state.

Safeco further contends that even assuming that the award of punitive damages was constitutional, it must nevertheless be reversed or at least reduced. The first basis for this contention is that the evidence simply did not include the necessary elements for an award of punitive damages.

■ An award of punitive damages requires the plaintiff to prove that defendant was guilty of oppression, fraud, or malice, and acted with the intent to vex, injure, or annoy, or with a conscious disregard of plaintiff's rights. (*Silberg* v. *California Life Ins. Co.* (1974) 11 Cal.3d 452, 462 [113

Cal.Rptr. 711, 521 P.2d 1103]; *Betts* v. *Allstate Ins. Co.* (1984) 154 Cal.App.3d 688, 709 [201 Cal.Rptr. 528].)

 To answer the inquiry as to whether there was sufficient evidence to justify the punitive damage award, we must again refer to the general principle that we merely look to the record to see whether there is any substantial evidence, contradicted or uncontradicted, which will support a finding of the above punitive damage requirements. If they are present, the award will be sustained unless, upon a consideration of the entire record, it must be said that the award was excessive. (*Wetherbee* v. *United Ins. Co. of America, supra,* 18 Cal.App.3d 266.)

While there was evidence presented by Safeco which would tend to negate any finding of malice, oppression, or fraud within the meaning of Civil Code section 3294, there was also substantial evidence to the contrary presented by plaintiff which would be sufficient to sustain a finding of the jury that punitive damages were warranted. Some of this evidence has already been indicated in connection with the finding of bad faith on the part of Safeco, although we hasten to point out that bad faith does not necessarily indicate the presence of malice, oppression, or fraud.

 "Thus an insurer's bad faith may not only breach the implied covenant of good faith and fair dealing but also can be treated for tort purposes as a basis for exemplary damages where it occurs in a context of malice, fraud, or oppression. (*Egan* v. *Mutual of Omaha Ins. Co., supra,* 24 Cal.3d at p. 817.)

"As summarized above, there was more than substantial evidence before the jury to support a finding Allstate had breached its duty to deal reasonably and in good faith with Betts, rendering Allstate liable to pay compensatory damages for all detriments caused by the breach. However, such a determination does not in itself establish Allstate acted with the quality of intent which is requisite to an award of punitive damages. (*Neal* v. *Farmers Ins. Exchange* (1978) 21 Cal.3d 910, 922 [148 Cal.Rptr. 389, 582 P.2d 980].)

"To find the requisite intent for an award of punitive damages, it is necessary to search beyond the facts of [un]reasonable response to those adducing motive and intent. (*Ibid.*) There must be substantial evidence of an intent to vex, injure and annoy, a conscious disregard of plaintiff's rights, before punitive damages may be awarded. (*Silberg* v. *California Life Ins. Co.* (1974) 11 Cal.3d 452, 462 [113 Cal.Rptr. 711, 521 P.2d 1103].)" (*Betts* v. *Allstate Ins. Co., supra,* 154 Cal.App.3d at pp. 708-709.)

As in *Betts,* we are satisfied that there was sufficient and substantial evidence from which the jury could find the necessary elements to justify the punitive damage award.

We also note parenthetically that the instructions given to the jury on the subject of punitive damages were properly given and contained a correct statement of the law.

■ Safeco's further contention that at the very least the punitive damage award should have been reduced because of plaintiff's comparative bad faith must also be rejected for two basic reasons. First, Safeco cites no authorities leading to such conclusion, and we are aware of none. As already indicated, bad faith on the one hand, and malice, oppression, or fraud on the other hand are not equivalents, and any attempt to compare them would amount to a comparison of apples and oranges. While the special verdict tendered to the jury did provide for a comparison of any bad faith on the part of plaintiff with any bad faith on the part of Safeco, no issue was tendered in said special verdict concerning a comparison of either the bad faith or malice, fraud, or oppression of plaintiff with any malice, oppression, or fraud of Safeco. We note in passing that even comparing the bad faith of plaintiff with the bad faith of Safeco appears to have no precedent, but since that portion of the special verdict was utilized without any objection by either plaintiff or Safeco, and no issue was raised concerning it on this appeal, we need not determine its propriety.

Secondly, raising the issue of the comparison of plaintiff's bad faith or oppression, malice, or fraud with Safeco's malice, oppression, or fraud for the first time on this appeal comes too late under the authorities already referred to in this opinion.

While some peripheral additional contentions are made by Safeco, we find them to be without merit.

### DISPOSITION

The judgment and order denying the motion for judgment notwithstanding the verdict are affirmed.

Woods, P. J., and Arguelles, J., concurred.