**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NEDA RASCHKOVSKY, an individual;
RICARDO RASCHKOVSKY, an
individual,

          Plaintiffs-Appellants,

v.

ALLSTATE INSURANCE COMPANY,
an Illinois Corporation,

          Defendant-Appellee.

No.   16-55093

D.C. No.
2:15-cv-00216-RGK-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted August 8, 2017
Pasadena, California

Before:  CALLAHAN and OWENS, Circuit Judges, and FABER,[**] District Judge.

Neda and Ricardo Raschkovsky (collectively, "the Raschkovskys") appeal

the district court's grant of summary judgment to Allstate Insurance Company

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David A. Faber, United States District Judge for the Southern District of West Virginia, sitting by designation.

("Allstate") on their breach-of-contract and bad-faith claims.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.[1]

The district court abused its discretion when determining what evidence to consider during the summary-judgment stage.  The Raschkovskys' experts' opinions regarding the nature of the leak should not have been excluded.  These opinions are sufficiently reliable because they are based on "the knowledge and experience of the [experts'] discipline[s]." *Pyramid Techs. Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 816 (9th Cir. 2014) (citation omitted); *see also Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 368 n.14 (9th Cir. 2005).  While the opinions do not address every fact raised by Allstate's experts, this deficiency goes to weight, not admissibility.  *See Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.").  Additionally, Neda Raschkovsky's declaration should not have been excluded because there was not a "clear and unambiguous" inconsistency between it and her earlier sworn testimony.  *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998–99 (9th Cir. 2009).  The plumber's statement about not seeing mold also

---

[1]     The facts are familiar to the parties and are restated here only as necessary to resolve the legal issues of the appeal.

should not have been excluded, as it does not contradict other sworn statements that he made. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1157–59 (9th Cir. 1999) (declaring that a witness's testimony can be rejected only if it contradicts other sworn statements made by that witness, not merely because it is inconsistent with other evidence).

When the improperly excluded evidence is considered, it is sufficient to raise a genuine issue of material fact as to whether the leak in question was "sudden and accidental," and whether any of the insurance policy's exclusions are applicable. Accordingly, summary judgment should not have been granted on the Raschkovskys' breach-of-contract claim. *See Aydin Corp. v. First State Ins. Co.*, 959 P.2d 1213, 1215 (Cal. 1998).

Summary judgment also should not have been granted on the Raschkovskys' bad-faith claim. As noted above, a genuine issue of material fact exists as to whether Allstate breached the terms of the parties' contract. Furthermore, the Raschkovskys' evidence is sufficient to raise a genuine issue of material fact as to whether Allstate acted "unreasonably or without proper cause." *Bosetti v. U.S. Life Ins. Co. in the City of N.Y.*, 96 Cal. Rptr. 3d 744, 769 n.20 (Ct. App. 2009) (emphasis omitted). Viewing the Raschkovskys' evidence in the light most favorable to them, *see, e.g.*, *T.W. Electrical Service, Inc. v. Pacific Electrical*

3

*Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987), a reasonable jury could find that Allstate "was not pursing the adjustment of th[e Raschkovskys'] claim with any degree of diligence," *Fleming v. Safeco Insurance Co. of America, Inc.*, 206 Cal. Rptr. 313, 315 (Ct. App. 1984), and that Allstate did not "thoroughly investigate the circumstances to determine" if the Raschkovskys' claim was covered, *Mariscal v. Old Republic Life Insurance Co.*, 50 Cal. Rptr. 2d 224, 227 (Ct. App. 1996). Contrary to Allstate's claim otherwise, this is sufficient for the Raschkovsky's bad-faith claim to survive summary judgment.

Because the district court did not address the Raschkovskys' punitive-damages request, we leave it to the district court, on remand, to determine in the first instance whether the Raschkovskys have presented clear and convincing evidence that Allstate's conduct was "oppressive, fraudulent, or malicious," and, thus, are deserving of punitive damages. *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1164 (9th Cir. 2002) (citation omitted).

**REVERSED and REMANDED.**