[Civ. No. 16932.   First Dist., Div. Two.   Sept. 28, 1956.]

ETHEL MARIE RUSS, Appellant, v. RALPH F. RUSS, Respondent.

Walter H. Duane for Appellant.

Leonard A. Worthington for Respondent.

DRAPER, J. pro tem.*—This appeal questions the award, by interlocutory decree of divorce, of real property not specifically found to be either community or separate. Decree was granted to plaintiff wife upon the ground of defendant's extreme cruelty. The community property was not extensive. An automobile and a boat were awarded to the parties in equal shares. Furniture (community property) located in a residence admittedly the separate property of plaintiff was awarded to her. Furniture of a lesser value, located in another house, was awarded to defendant.

Real property in El Granada, San Mateo County, was awarded to defendant, and he was ordered to pay $2,600 to plaintiff. The transcript indicates that the value of the El Granada property was taken to be $5,000. Plaintiff's notice of appeal is "from the whole of said judgment," but her only attack is upon the award of the El Granada property.

Some three and one-half years after the marriage of the parties, appellant wife sold to the State of California property in Santa Clara County which was admittedly her separate property. From the proceeds of the sale she paid $600 to the attorney representing her, deposited $2,387.09 in a commercial account which contained $21.14 at the time, and deposited the remaining $3,000 in a savings account whose immediately preceding balance had been $1.00.

Both of these accounts were in the name of plaintiff alone. However, it seems to be conceded that they were, to the extent of the small balances at the time of the above deposits, community property. Throughout the marriage, defendant had no bank account or property in his own name because of a deficiency judgment against him. Substantially all earnings of both parties, throughout their marriage, were deposited in bank accounts in the name of the wife.

On the day she deposited the sale proceeds, plaintiff paid $500 from the same bank account as a deposit on purchase price of the El Granada property, and four days later paid, from the same account, $881.20 as the remainder of the purchase price. Title was taken in plaintiff's name. The property was then unimproved, but thereafter the present house was added, with the costs thereof being paid from the bank account, and defendant doing some labor upon improvements. Plaintiff testified that the improvements cost $2,000, and that all this sum was paid from proceeds of the above sale.

*Assigned by Chairman of Judicial Council.

However, she testified to other expenditures from these proceeds which would make it impossible for more than $914.80 to have come from this source for the improvements. The trial court was therefore entitled to find that at least a substantial part of the improvement cost came from earnings of the two parties deposited in the community account.

Upon these facts, the court found:

"That plaintiff purchased with her separate funds certain real property in El Granada . . . ; that said real property has at all times stood of record in the name of plaintiff; that said plaintiff and defendant from time to time resided on said property, but since the separation of the parties on August 25, 1952, said defendant has made his home at said property, to which plaintiff made no objection; that the separate and community funds of the parties were so comingled [sic] that it has been impossible for this Court to determine whether or not all of the funds used for the purchase of said property were the separate property of plaintiff or community funds of the plaintiff and defendant."

Nowhere else in the findings, conclusions, or decree is the El Granada property described as either separate or community. The decree awards this property to defendant.

As indicated above, the evidence warrants a finding that the purchase price of the El Granada lots was separate property. The negligible community balances in the accounts at the time of the sale of the Santa Clara County property present no insuperable bar in tracing the proceeds of that sale into the prompt purchase of the El Granada land (*Cone* v. *Cone*, 131 Cal.App.2d 424, 431 [280 P.2d 871]; *Estate of Granniss*, 142 Cal. 1, 6 [75 P. 324]). ■ Nor is the property necessarily made community by the fact that all or a substantial portion of the cost of the improvements came from community funds (*Shaw* v. *Bernal*, 163 Cal. 262 [124 P. 1012]). ■ The taking of the property in plaintiff's name raises a presumption that it is her separate property (Civ. Code, § 164).

■ On the other hand, the court could have found the property to be community in character. An agreement to this effect would be recognized (*Faust* v. *Faust*, 91 Cal.App.2d 304 [204 P.2d 906]). ■ The fact that the parties throughout the marriage avoided the holding of property in defendant's name, and that both recognize the bank accounts as community property, although in the wife's name, gives some color to an inference that such an agreement existed as to the

real property.  Support for such an inference might be found in the fact that proceeds of the Santa Clara County sale were deposited in these community accounts, and thence withdrawn for investment in the El Granada land.  The wife testified that "It was a joint place."  However, it should be noted that the transcript shows no direct testimony by defendant as to any such agreement.

The only question on this appeal is whether the property is separate or community in character.  ▇  If the property is separately that of the wife, the decree awarding it to the husband must fall.  Unfortunately, there is no direct finding that the property itself is either community or separate.  As to the source of the funds which were used to purchase it, the findings are in direct conflict.  After finding that "plaintiff purchased with her separate funds" the property in question, the same finding concludes with the statement that "it has been impossible . . . to determine whether or not all of the funds used for the purchase of said property were . . . separate property . . . or community funds."

It is true that a finding that the property is community would support the decree.  ▇  Under Code of Civil Procedure, section 956a, this court is empowered to make findings of fact.  We should prefer to do so, in the spirit of that section, rather than remand the case for further proceedings.  However, such power generally is not to be exercised when the evidence before the trial court is conflicting (*Treu* v. *Kirkwood*, 42 Cal.2d 602 [268 P.2d 482]).  In addition, there is the possibility, suggested by respondent's brief, that the decree is based upon an apportionment of community and separate interests in the property.  The briefs on appeal leave us in some doubt as to the theory upon which the case was tried below.  The transcript indicates a number of discussions between court and counsel which are not reported.  These gaps in the transcript make most uncertain any attempt by us to resolve doubts as to the theory of the case as tried.

The decree is reversed with respect to the division of property, with directions to the trial court to amend, modify and clarify its findings, with leave to the trial court to take further evidence if in its discretion such is required.

Nourse, P. J., and Kaufman, J., concurred.