[Civ. No. 17725. First Dist., Div. One. June 16, 1958.]

ETHEL MARIE RUSS, Appellant, v. RALPH F. RUSS, Respondent.

Walter H. Duane for Appellant.

Leonard A. Worthington for Respondent.

WOOD (Fred B.), J.—The interlocutory decree, awarding plaintiff a divorce, allotted defendant certain real property known as the El Granada property.  Plaintiff appealed, claiming the record demonstrated that this was her separate property.

Because there was no finding as to the character of this property (whether community or separate) and the evidence would support a finding either way, the reviewing court reversed that portion of the judgment with directions to the trial court "to amend, modify and clarify the findings, with leave to the trial court to take further evidence if in its discretion such is required."  (*Russ* v. *Russ,* 144 Cal. App. 2d 723, 727 [301 P.2d 600].)

In response to these directions, the trial court ascertained and determined that the evidence adduced at the first trial was sufficient to enable it to amend, modify and clarify

the findings, and then found, among other facts: (1) the community property of the parties includes the El Granada real property and the household equipment, furniture and fixtures there located; (2) during the 18 years the parties lived together (from date of marriage to date of separation) practically all of the community wages earned by each were deposited in one or more of three bank accounts maintained by them in plaintiff's name in order to prevent defendant's former creditors from executing on his funds, it being clearly the intent of the parties that as between themselves these accounts should always retain the status of community property; (3) the El Granada real property was purchased in part with community funds of the parties and in part with plaintiff's separate funds which were comingled with their community funds; (4) the El Granada real property was purchased and for 15 years thereafter and until the trial of this action, was managed with the intent that it would be community property and was maintained, repaired and all taxes paid either through the efforts of defendant or from community funds; (5) title to this real property was taken in the name of plaintiff to prevent defendant's judgment creditors from executing thereon but it was always the intent of the parties that it should be joint or community property and their conduct during said 15 year period further substantiates this finding; (6) defendant is entitled to the El Granada property because it has been his place of residence for a long time and the tools of his trade and his shop are maintained there, and plaintiff has her own property in San Francisco in which to live and has indicated she has no intention of living on the El Granada property; and (7) in view of the award of said property to defendant, plaintiff is entitled to an off-set representing the value of her separate funds which were used in partly acquiring and repairing it, and the court has taken this factor into consideration in making its awards.

These findings are supported by the evidence, which we need not here recite in detail because it was sufficiently indicated in the decision rendered upon the former appeal. Moreover, that decision, a well considered opinion written by Mr. Justice Draper, is now the law of the case (*Berry* v. *Maywood Mut. W. Co. No. One,* 13 Cal.2d 185, 186 [88 P.2d 705]; *Wells* v. *Lloyd,* 21 Cal.2d 452, 455 [132 P.2d 471]; *Boomer* v. *Abbett,* 154 Cal.App.2d 218, 225 [315 P.2d 924];

4 Cal.Jur.2d 608-610, § 703), binding upon us even if we did not concur in the views therein expressed, but we do fully concur therein and adopt those views as our own upon this appeal.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.