[Civ. No. 18893.  First Dist., Div. Two.  July 27, 1960.]

HENRY VILA et al., Appellants, v. JOSEPH F. RIOLO
et al., Respondents.

Robert J. Foley and Lawrence D. Saler for Appellants.

John T. Knox for Respondents.

DRAPER, J.—This is an action for foreclosure of a mechanic's lien. Plaintiffs claimed $8,302.61. The judgment allowed the lien for $2,400, and deducted an offset of $800 for deficiencies in the work done. Plaintiffs appeal.

By written contract dated June 6, 1955, plaintiffs agreed to build an addition to defendants' house "as per plans and changes and whatever changes owner wants. We agree to do this work on a cost plus basis." The contract specified charges to be made for overhead and profit, and concluded "total cost is not to exceed $8,000."

The peculiarity of this agreement (drawn by plaintiffs without consulting an attorney) did not end with its drafting. The evidence discloses that the plans to which it refers were altered, partly by interlineation and partly by oral agreement, before the contract was signed. Changes from these modified plans were thereafter made in course of the work. At the conclusion of the job, plaintiffs claimed, on the cost plus basis, a total of $14,302.61, of which $6,000 had been paid. Defendants asserted that the $8,000 maximum applied, and that therefore only $2,000 remained due. They further asserted damages allegedly resulting from defects in the work done and failure to complete portions of the work.

On the first day of trial, a question arose as to application of the parol evidence rule. The question whether the contract was ambiguous, so as to permit parol evidence to explain its

terms, was then submitted on briefs. When trial resumed, almost 14 months later, it appears that the trial court had ruled the contract to be unambiguous. Nonetheless, the trial court received all evidence offered as to any and all conversations both before and after execution of the agreement. No such evidence was excluded. No offer of proof was made as to any other parol evidence and detailed study of the transcript leaves us unable to conceive of any other parol evidence which could have been offered.

Under these circumstances, plaintiffs cannot and apparently do not contend that they were in any way prejudiced by any exclusion of evidence. They do, however, assert that the findings, in the light of the court's expressed opinion that the contract was unambiguous, must be construed to show that the court erroneously based its decision on the theory that the written contract required plaintiffs to perform all work requested by defendants for the maximum price of $8,000. It is unnecessary for us to determine whether the agreement was in law unambiguous on its face, for we have concluded that plaintiffs' view of the findings is untenable.

■■ Findings are to be liberally construed to uphold the judgment (*Estate of Moore,* 143 Cal.App.2d 64, 78 [300 P.2d 110]; 4 Cal.Jur.2d, § 571, p. 444; 2 Witkin, California Procedure, § 111(b), p. 1841).

■ The trial court found that the parties "entered into a written agreement to perform certain construction work . . . for the sum of $8,000. Subsequently, plaintiffs and defendants entered into an oral agreement for the extension of a room on said premises, for the amount of $400.00," and further found it to be untrue that defendants owe more than $2,000 as the balance on the written agreement, plus $400 on the later agreement.

This is completely consistent with the theory adopted by plaintiffs in their complaint. They pleaded that they had, by written agreement dated June 6, 1955, contracted to perform specific work on a cost plus basis "but in no event to exceed" $8,000, and that thereafter, on July 18 and subsequent dates "defendants orally informed plaintiffs that they wished the construction of an additional room and other additional extras"; that plaintiffs then advised that "additional costs would be incurred" and defendants agreed to pay therefor. Thus plaintiffs themselves, to avoid the view that the $8,000 maximum charge applied to all the work, pleaded the theory that the written contract was limited to the work contemplated

at the time of its execution, with subsequent additions to be paid for only if defendants, after notice that the changes would increase costs, agreed to them and accepted the obligation to pay additional sums. Thus plaintiffs conceded that the provision for ''whatever changes owner wants'' had the effect of requiring something more than mere request for changes to warrant charges in excess of the $8,000 maximum. They cannot now be heard to argue that the court's acceptance of their theory amounts to a holding that they were required to make all changes which owner wants within the $8,000 maximum. Since the court accepted plaintiffs' own view of the written contract, they were not prejudiced, whatever view of the parol evidence rule was taken by the court.

■ The findings are fully supported by the evidence. Defendant husband testified that it was only as to the extension of one room that he was advised of any extra cost to be incurred. As to that item, plaintiffs were allowed $400 over and above the $8,000 maximum. The amount thus allowed is within the range defendant husband testified plaintiffs had fixed for that work. As to other modifications, he testified that they were suggested by the plaintiff partner in charge of this job, who told him as to most such changes that they were to ''save money.'' Plaintiff partner himself admitted that he had not notified defendants that cost increases would result from any changes except the extension of one room, and said only that he ''assumed'' defendants knew they would be more costly. Thus his own testimony negatived recovery upon the theory he had pleaded.

■ Plaintiffs now contend that the evidence does not support the award to defendants on their counterclaim. But there is expert testimony that the cost of repairs needed to bring the work to a reasonable standard was far in excess of the $800 allowed.

Judgment affirmed.

Kaufman, P. J., and Stone, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.