[Civ. No. 19763. First Dist., Div. Two. Feb. 19, 1962.]

AUDERIENE STROMAN, Plaintiff and Appellant, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Defendant and Respondent.

Hutchinson & Guattrin for Plaintiff and Appellant.

Robert W. Walker, Richard K. Knowlton and Peart, Baraty & Hassard for Defendant and Respondent.

AGEE, J.—Plaintiff appeals from an adverse judgment upon a nonjury trial of an action to recover damages for her alleged wrongful discharge from the employ of defendant (Santa Fe) in violation of a collective bargaining agreement.

On a prior trial of the same action, with a jury, the lower court directed a verdict against Santa Fe. The judgment for plaintiff which followed was reversed on appeal, the appellate court stating: "There was a clear conflict in the evidence and in the reasonable inferences therefrom, as to whether plaintiff was discharged by the Santa Fe, or whether she just voluntarily left the employ. This conflict should have

been resolved by the jury." (*Stroman* v. *Atchison, T. & S.F. Ry. Co.,* 161 Cal.App.2d 151, 164 [326 P.2d 155].)

Plaintiff was employed by Santa Fe from 1943 through March 7, 1949. She was covered by a collective bargaining agreement which provided in article IV thereof that an employee could not be dismissed without a formal investigation and hearing. There was never any such investigation or hearing.

The appellate court opinion stated the crux of the action as follows: "The question in the present case is whether or not there is a conflict in the evidence that should have been submitted to the jury on the issue of whether or not plaintiff was discharged in violation of the provisions of article IV [of the agreement]. We think that there was such a conflict." (P. 161.)

The lower court on the retrial resolved this conflict in favor of Santa Fe and, in response to the issue as posed by the appellate court, made the following finding: "Defendant did not at any time discharge plaintiff in violation of Article IV of the Collective Bargaining Agreement." The finding on this issue is determinative of the case.

The evidence supporting such a finding is summarized by the appellate court in its opinion on the prior appeal. We have carefully examined the record in the instant appeal and find it to be substantially the same as the record in the prior appeal. Plaintiff does not contend to the contrary.

In *Berry* v. *Maywood Mut. Water Co. No. One,* 13 Cal.2d 185 [88 P.2d 705], there had been a reversal on a prior appeal of a judgment for plaintiff on the ground of error in an instruction. The appellate court in that opinion had said that the evidence was conflicting but was sufficient to support a verdict in favor of defendant if such had been returned. On the retrial, judgment was for the defendant. The Supreme Court said: "Upon the present appeal the plaintiff attacks the sufficiency of the evidence. He does not contend, however, that it differs from that introduced on the first trial. A decision on appeal that the evidence will support a judgment for a party becomes the law of the case, and is binding when the action comes before an appellate court on a second appeal on the same evidence." (P. 186.)

*Pellett* v. *Sonotone Corp.,* 26 Cal.2d 705 [160 P.2d 783, 160 A.L.R. 863], presents the same situation, the Supreme Court saying, at page 708: "No attempt has been made to show that there was any substantial difference in the evidence

in the second trial, but even if additional evidence was introduced, any conflict thereby created would be immaterial in determining the sufficiency of the evidence to support a judgment for plaintiff. Unless it is shown that some essential fact or facts which were proved at the first trial were not proved on the second trial, or were *conclusively* disproved, the law of the case applies in determining the sufficiency of the evidence."

To the same effect: *Russ* v. *Russ,* 161 Cal.App.2d 321 [326 P.2d 595]; *Boomer* v. *Abbett,* 154 Cal.App.2d 218, 225 [315 P.2d 924].

Plaintiff argues that the finding quoted above contains a negative pregnant in that, while stating that defendant did not ''discharge plaintiff in violation of Article IV,'' it does not find that she was not discharged. However, as stated by appellant in her brief: ''The only provision of the agreement for discharge of employees is contained in Article IV.'' Therefore, any discharge which was not in compliance with Article IV would have been wrongful. The plaintiff's cause of action was for wrongful discharge and, under the issue drawn and the evidence relating thereto, the question presented is ''whether or not plaintiff was discharged in violation of the provisions of article IV.'' The finding was directly responsive to this issue as posed by the appellate court on the prior appeal.

In *Johndrow* v. *Thomas,* 31 Cal.2d 202 [187 P.2d 681], the Supreme Court discussed the conflict between the rule that findings are to be construed liberally to support the judgment, and the proposition that, merely because a negative pregnant exists, the findings are insufficient. The court concludes: ''Hence, the appropriate rule should be that the sufficiency of findings turns upon the particular case and that there is no absolute rule regarding negatives pregnant, which at best is nothing more than a rule of construction.'' (P. 209.) See also *Blackburn* v. *Blackburn,* 160 Cal.App.2d 301, 303 [324 P.2d 971].

The lower court in the instant case also made the following finding: ''On and about March 29th, 1949, plaintiff voluntarily left the employment service of defendant, because she did not report to the Oakland assignment.'' It developed that the position referred to could not have been filled legally by plaintiff because it required the (woman) employee on several occasions each week to work more than eight hours in a single 24-hour period. This would have violated the provisions of

section 1350 of the Labor Code. The opinion on the prior appeal states (pp. 163-164) : ''[P]laintiff argues that because the hours of the Oakland job violated the statutory laws of this state she had the legal right to consider that job 'abolished,' and so was under no duty to report. That is undoubtedly true. But it is also true that plaintiff did not assert this illegality at the time, nor did she make any effort to call it to the attention of the employer. Moreover, assuming that she could consider the Oakland job as having been abolished because of the illegal hours of employment, then she would have been entitled to assert her seniority rights to displace another employee for whose job she was qualified. The evidence is conflicting as to whether she attempted to do so. The case should have gone to the jury for its determination whether her failure to take another post [i.e., other than the Oakland job] with the company was her own fault or that of the company. There was a clear conflict in the evidence and in the reasonable inferences therefrom, as to whether plaintiff was discharged by the Santa Fe, or whether she just voluntarily left the employ. This conflict should have been resolved by the jury.'' The opinion also points out that there was evidence by defendant that would permit the jury to infer that after plaintiff was disqualified on March 7, 1949, from the job she was then holding, ''she simply stayed at home and made no effort to bid for another post or to displace another employee [over whom she had seniority].'' (P. 161.) And again, at page 163: ''If Hobdy's testimony were believed by the jury it could have found that plaintiff, without voicing any objection, simply voluntarily refused to accept the Oakland job, and failed to report to the Oakland office.''

It is evident that the lower court on the second trial believed that plaintiff, without knowing whether the Oakland job was or was not violative of the Labor Code, manifested by her conduct in not reporting to this assignment that she intended to leave the employ of defendant. Hence, the finding that ''plaintiff voluntarily left the employment service of defendant, because she did not report to the Oakland assignment'' is readily understandable as being indicative of her intention to quit.

Findings are to be so interpreted and construed as to uphold the judgment, if reasonably possible. (*County of Alameda* v. *Southern Pac. Co.,* 55 Cal.2d 479, 485 [11 Cal. Rptr. 751, 360 P.2d 327]; *Schaefer* v. *Berinstein,* 180 Cal. App.2d 107, 124 [4 Cal.Rptr. 236]; *Vila* v. *Riolo,* 183 Cal.

App.2d 178, 180 [6 Cal.Rptr. 592]; 2 Witkin, California Procedure, Trials, § 111, subd. (b), p. 1841.)

 Plaintiff bases a further criticism of the findings upon the following sentence contained in that portion of the appellate opinion, already quoted above: "The case should have gone to the jury for its determination whether her failure to take another post with the company was her own *fault* or that of the company." (Emphasis added.) Plaintiff contends that this requires an express finding as to whose "fault" it was. In the context in which it was used, "fault" of the company would have been a discharge without affording to plaintiff the investigation and hearing required by article IV of the bargaining agreement. This was expressly negatived by the finding that the company "did not at any time discharge plaintiff in violation of Article IV of the Collective Bargaining Agreement." "Fault" of the plaintiff would have been the voluntary repudiation of her contract of employment, upon which issue the court expressly found in the manner discussed above. The question of "fault" is therefore responded to and covered by the findings.

As pointed out at the beginning, the law of the case was established in *Stroman* v. *Atchison, T. & S.F. Ry. Co., supra,* and as stated therein, at page 161: "*The question* ... is whether or not . . . plaintiff was discharged in violation of the provisions of article IV." (Emphasis added.) As held therein, as well as on this appeal, the evidence was sufficient for a determination of this question either way. The action was therein stated to be "for wrongful discharge in violation of the contract," and the finding that plaintiff was not so discharged was completely dispositive of the case.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied March 7, 1962, and appellant's petition for a hearing by the Supreme Court was denied April 11, 1962.