[Civ. No. 27662. First Dist., Div. Two. June 22, 1971.]

ANNE DILLON WETHERBEE, Plaintiff and Respondent, v.
UNITED INSURANCE COMPANY OF AMERICA,
Defendant and Appellant.

## COUNSEL

Sedgwick, Detert, Moran & Arnold, Scott Conley and Carl L. Christensen for Defendant and Appellant.

Mitchell, Henderson & Dedekam, Mitchell & Dedekam and Clifford B. Mitchell for Plaintiff and Respondent.

## Opinion

**TAYLOR, J.**—This is the second appeal by defendant insurer, after this court, in *Wetherbee* v. *United Insurance Co. of America,* 265 Cal.App.2d 921 [71 Cal.Rptr. 764], affirmed the judgment in favor of plaintiff and directed a retrial as to the amount of punitive damages, which the jury had found to be $500,000. The insurer now contends that: 1) the trial court erred in its instructions to the jury and exclusion of certain proffered evidence; 2) the award of $200,000 punitive damages was excessive; and 3) it was deprived of a fair trial.

As the parties agree that on retrial the evidence adduced was substantially the same as at the time of the first trial, we adopt the statement of facts contained in our prior opinion in this case, reported in 265 Cal.App.2d 921, at page 924, to the end of the first full paragraph on page 927.

■ We turn first to the contentions relating to the jury instructions and evidence. Defendant argues that the trial court erred in instructing the jury that plaintiff was entitled to punitive damages, *and only the amount was in issue at retrial.* Defendant contends that this instruction improperly removed from the jury's consideration the question of whether or not plaintiff was entitled to *any punitive damages.* Our prior opinion holding that plaintiff was entitled to punitive damages (pp. 927-931) for defendant's fraudulent misrepresentation, and that the evidence was sufficient as a matter of law, became the law of the case for the purposes of the retrial (*Estate of Baird,* 193 Cal. 225, 258 [223 P. 974]) and this appeal (*Stroman* v. *Atchison, T. & S. F. Ry. Co.,* 200 Cal.App.2d 418, 420 [19 Cal.Rptr. 438]). We conclude that the trial judge properly limited the jury question on retrial to *the amount of such damages.*

■ Defendant next contends that the trial court committed prejudicial error by defining punitive damages as damages other than compensatory damages, which may be awarded against a person to punish him for outrageous conduct. This argument sits ill in defendant's mouth, as the record indicates that it submitted the instruction. The language was properly adopted from section 908 of the Restatement of the Law of Torts,[1] which has been adopted in this state (*Di Giorgio Fruit Corp.* v. *AFL-CIO,* 215 Cal.App.2d 560, 580-581 [30 Cal.Rptr. 350]). As indicated above, the fact that the insurer here committed outrageous conduct was the law of the case.

---

[1] Section 908 of the Restatement of the Law of Torts states, so far as pertinent: "(1) 'Punitive damages' are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct."

■ Defendant next argues that the trial court erred in sustaining plaintiff's relevance objection to the introduction of amounts paid after the policies were reinstated. As the only issue on retrial was the amount of punitive damages, the extent to which defendant met its obligation to pay benefits after it was forced to do so was not relevant. Furthermore, the record indicates that at the conclusion of defendant's offer of proof, plaintiff offered to withdraw her objection if the circumstances under which the insurer finally resumed the payment of the monthly benefits, namely, the filing of a second action, could be proved. The insurer refused.

■ Defendant also argues that the trial court erroneously sustained plaintiff's objection to defendant's proffered evidence that plaintiff had attended two club meetings and made a trip to San Francisco. At the first trial, it was brought out that although plaintiff was confined to her house at least 90 percent of the time, she occasionally left her house to visit her physician, to go to church, had attended two meetings of the Soroptimist's Club in Eureka, and made a trip to San Francisco to see a faith healer. *As defendant had cut off plaintiff's benefits long before it learned of these excursions,* they played no part in defendant's decision that plaintiff was not entitled to her policy benefits as she was not "house confined." Thus, the excursions were not admissible to show defendant's good faith. Defendant argues that the evidence was admissible to "test" the opinion of plaintiff's physician, Dr. Davis, that she was not "confined." *However, plaintiff's confinement was not in issue at the retrial.*

■ Defendant's second major contention on appeal is that the punitive damage award of $200,000 is grossly excessive and must again be reversed. ■ It has been repeatedly held that after a jury award of exemplary damages, it becomes the province of the trial court on a motion for a new trial to determine whether the amount is excessive. After an award has been approved by the trial court, the reviewing court will hesitate to declare the amount excessive unless, upon a consideration of the entire record, including the evidence, it must be said that the award was excessive. ■ Here, the trial court, on motion for a new trial, refused to upset the award (*Ferraro* v. *Pacific Fin. Corp.,* 8 Cal.App.3d 339, 351 [87 Cal.Rptr. 226]).

The jury was properly instructed by the trial court that exemplary damages are awarded to serve as an example or warning to others not to engage in such conduct (Civ. Code, § 3294). The object of exemplary damages is to make the example as well as the punishment fit the offense (*Thomson* v. *Catalina,* 205 Cal. 402, 405-406 [271 P. 198, 62 A.L.R. 235]), and in determining the amount necessary to impose the appropriate punitive effect, the jury was entitled to consider the wealth of the defendant (*Mac-*

*Donald* v. *Joslyn,* 275 Cal.App.2d 282, 293 [79 Cal.Rptr. 707]). The record indicates that according to defendant's 47th report to its stockholders, it had $300,000,000 in gross assets, $60,000,000 in net assets, and a monthly net income after taxes of $1,000,000. The $200,000 amount awarded by the jury represents less than a week's after-tax income of the defendant. The jury measured the punishment in the light of the evidence, indicating defendant's ability to respond to the award (*Coy* v. *Superior Court,* 58 Cal.2d 210 [23 Cal.Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678]) and in doing so made the example as well as the punishment fit the offense.

As recently stated by our Supreme Court: "Protection of unwary consumers from being duped by unscrupulous sellers is an exigency of the utmost priority in contemporary society" (*Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800 [94 Cal.Rptr. 796, 484 P.2d 964]). The fact that contracts of insurance are contracts of adhesion, since there is no bargaining between equal parties, is also well established in this state (*Gray* v. *Zurich Insurance Co.,* 65 Cal.2d 263 [54 Cal.Rptr. 104, 419 P.2d 168]; *Schmidt* v. *Pacific Mut. Life Ins. Co.,* 268 Cal.App.2d 735 [74 Cal.Rptr. 367]). Here, plaintiff was induced to retain her contract of insurance with defendant under circumstances that we have determined are fraudulent. Thus, the jury could reasonably conclude that an award equal to one week's earnings was required to effect the necessary punishment of defendant and to serve as an example for other insurers.

Defendant particularly points to the disparate ratio of the $1,050 actual damages to the $200,000 of exemplary damages in the jury award. There is no fixed ratio by which to determine a proper proportion between the two classes of damages; the factors influencing the amount of the exemplary award can only be disclosed by the trial record (*Finney* v. *Lockhart,* 35 Cal.2d 161, 164 [217 P.2d 19]). Although superficial comparisons are of little value, we note that in *Finney* v. *Lockhart, supra,* the actual damages awarded were $1, the exemplary damages, $2,000, the identical ratio here present.

In *Scott* v. *Times-Mirror Co.,* 181 Cal. 345 [184 P. 672, 12 A.L.R. 1007], our Supreme Court rejected a similar argument of a disproportionate ratio of actual to exemplary damages in language that can well be applied to the instant case: "In the matter of punitive damages it is clear from the authorities that juries have a wider discretion in this regard than they have in the matter of compensatory damages. [Citations.] In *Luther* v. *Shaw,* 157 Wis. 234 . . ., the court in affirming the award of punitive damages said: 'Where the jury are properly given such broad discretion with reference to exemplary damages, as indicated by the code of instructions whereby they were told they might assess against the defendant a sum

which they deemed just and proper, and best calculated to be an example to him and to others, such jury are entitled to observe these instructions in good faith as meaning just what they say. How, then, can it be said that their verdict is perverse? They disregarded no evidence and violated no instructions in fixing these exemplary damages. Their estimates of what would be sufficient as a punishment and a deterrent and an example was very high as compared with the actual damages assessed and high from any point of view, but it would hardly be candid to invite them in the language of this instruction to fix such sum which expressed their judgment in such matter, and then charge them with bias or perversity because the measure of their abhorrence of defendant's conduct and their judgment of what would be a sufficient punishment and deterrent was represented by a larger sum of money than that which some other man or men would have allowed.'

"We cannot say upon the record before us that the damages awarded by the jury, either actual or punitive, have been given under the influence of passion or prejudice, and hence the award cannot be disturbed." (P. 367.)

■ Taking into consideration the facts and circumstances of this case, we do not believe that the award of $200,000 punitive damages can be declared to be excessive or that it can be held to be the result of passion or prejudice.

Finally, we turn to defendant's contention that its constitutional rights were violated as a fine has been imposed without the benefits of the constitutional safeguards afforded those accused of crime. We note that in support of this contention, defendant cites *Toole* v. *Richardson-Merrell Inc.*, 251 Cal.App.2d 689 [60 Cal.Rptr. 398], wherein, at pages 716 and 717, this court (Division Three), in rejecting an identical argument, noted that the United States Supreme Court rejected such contentions in civil proceedings resulting in a fine.

The judgment is affirmed.

Shoemaker, P. J., and Kane, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 18, 1971.