951 F.2d 358
 140 L.R.R.M. (BNA) 2072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James BENDER, Harry Rodriguez, Clyde Wallace, Dan Douglas,
Jack Douglas, Harold Larson, Hettie Cole, E.
Eloise Harris, Jim Brown, Plaintiffs-Appellees,
v.
WHOLESALE AND RETAIL FOOD DISTRIBUTION, TEAMSTERS LOCAL 63,
Defendant-Appellant,
and
Joint Council of Teamsters No. 42, Robert Marciel, Al
Friedman, Defendants
 No. 88-6320.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1991.
Decided Dec. 23, 1991.
 
 1
 Before REINHARDT and FERNANDEZ, Circuit Judges, and FERN M. SMITH,* U.S. District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The plaintiffs were attacked when they attempted to attend a meeting of the Wholesale & Retail Food Distribution Teamsters Local 63 (hereinafter "Local 63"). Local 63 appeals a civil jury verdict that it was liable for this assault and the district court's award of attorney's fees to the plaintiffs. We affirm the jury verdict and the fee award.
 
 
 4
 Local 63 first argues that it could not be found liable to any of the plaintiffs under the Labor Management Reporting and Disclosure Act ("LMRDA"). Section 411(a)(1) of the LMRDA, 29 U.S.C. § 411(a)(1), provides that:
 
 
 5
 "Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws."
 
 
 6
 These rights can be enforced through 29 U.S.C. § 412, which permits an aggrieved individual to "bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate." The provisions of the LMRDA encompass Local 63's actions. There was more than sufficient evidence at trial to support a conclusion that Local 63 organized the nomination meeting in a manner which would intimidate the plaintiffs and interfere with their right to participate in the nomination process. The attack on the plaintiffs thus is actionable under the LMRDA. See Murphy v. International Union of Operating Engineers, 774 F.2d 114, 126 (6th Cir.1985), cert. denied, 475 U.S. 1017 (1986) ("[T]he district court found sufficient evidence that Murphy's attackers were acting on behalf of the union leadership and were attempting to suppress Murphy's participation in union activities. This evidence of intimidation and physical violence fully supported [the district court's] finding that Murphy's section 411 rights had been violated.").
 
 
 7
 Local 63 next contends that James Brown could not recover under the LMRDA because he was not a union member on the day of the assault. The district court found that Brown was not a union member on that day and apparently granted summary judgment against him on his LMRDA claim: plaintiffs do not contest this finding on appeal. The district court instructed the jury that only individuals who were union members on the day of the assault could recover under the LMRDA: neither party claims that this instruction was improper.[1] The jury's general verdict did not specify whether the award for Brown against Local 63 was based upon the LMRDA, negligence, or intentional infliction of emotional distress: the verdict form that the jury was given did not permit it to make such a specification. This imperfection, however, does not entitle Local 63 to a reversal of Brown's award. The jury was instructed that an award under the LMRDA could only be given to individuals who were union members on the day of the assault: "it is our responsibility to presume that a jury follows clear instructions." United States v. Gomez-Norena, 908 F.2d 497, 501 n. 3 (9th Cir.), cert. denied, 111 S.Ct. 363 (1990).
 
 
 8
 In any case, "we may construe a general verdict as attributable to one of several theories if it was supported by substantial evidence and was submitted to the jury free from error." Kern v. Levolor Lorentzen, Inc., 899 F.2d 772, 779 (9th Cir.1990) (citing Traver v. Meshriy, 627 F.2d 934, 938 (9th Cir.1980) and listing factors to be used when exercising this discretion). Not only was the evidence against Local 63 sufficient to support an award for Brown on his state-law claims, but these causes of action are also subsets of liability under the LMRDA. It is inconceivable that the jury based its award to Brown on the LMRDA claim alone: its general verdict thus does not entitle Local 63 to a reversal of Brown's award.
 
 
 9
 Local 63 also contends that it was not liable to several of the plaintiffs under the LMRDA because they suffered only emotional damages. We previously have held that "emotional distress, standing alone, is an insufficient basis for the award of damages under the LMRDA." Higgins v. Harden, 644 F.2d 1348, 1353 (9th Cir.1981). However, each of the plaintiffs was physically assaulted and suffered more than merely emotional distress. In addition, even if an award to these plaintiffs was impermissible under the LMRDA, as noted above, there was sufficient evidence to support recovery on the two state-law causes of action and hence to validate the jury's general verdict for these plaintiffs.
 
 
 10
 Local 63 next argues that it cannot be held liable to any of the plaintiffs because it did not "authorize, participate, or ratify" its members' assault. Because common law agency principles apply to the present suit, Local 63 is liable for the acts of its agents within the general scope of their authority or through ratification by approval of their conduct with knowledge of the possibility of illegality. See Aguirre v. Automotive Teamsters, 633 F.2d 168, 174 (9th Cir.1980).[2] Despite the fact that the jury did not find Mr. Marciel personally liable for the assault on the plaintiffs, there was ample evidence to support a conclusion that officers of the union organized the nomination meeting in a way which a reasonable person would recognize might intimidate the plaintiffs, cause them harm, and prevent them from exercising their rights under the LMRDA. Similarly, substantial evidence supported a conclusion that union officials benefited from the assault on the plaintiffs and engaged in actions which ratified this assault. In such a situation, the jury need not find Mr. Marciel (or any other particular union official) liable in order to hold Local 63 liable for the harms suffered by the plaintiffs. See Coats v. Construction & General Laborers Local No. 185, 15 Cal.App.3d 908 (1971).
 
 
 11
 Local 63 next claims that it could not be found liable to the plaintiffs for negligence both because it had no duty to protect them from the assault by its members which occurred on the sidewalk outside the union hall and because Local 63's actions were not a proximate cause of the assault. However, substantial evidence supported the conclusion that Local 63 could have foreseen that the plaintiffs might be assaulted if they attempted to attend the nominations meeting given the unique circumstances--many of which were created by Local 63 officials--which surrounded this meeting. "[W]hile a criminal act of a third person is generally a superseding cause of injury, such is not the case where intentional or negligent conduct creates a foreseeable and unreasonable risk of harm from conduct of a third person and liability for that harm can be imposed on the original actor even though the third party's conduct be criminal." 7735 Hollywood Blvd. Venture v. Superior Court, 116 Cal.App.3d 901, 904 (1981). Local 63 also contends that the court erred because it did not instruct the jury that contributory negligence could bar plaintiff's recovery. The district court properly found this contention "shocking. There was no evidence to indicate that the plaintiffs did anything other than attempt to exercise their right as protected by law to participate in the union's political affairs. The peaceful exercise of rights created and protected by federal statute is not negligent even when there may be reason to believe that those rights will be violated."
 
 
 12
 Local 63 next contends that it cannot be held liable for intentional infliction of emotional distress because the jury did not find it liable for battery. The two findings, however, are not inconsistent. The jury may have believed that Local 63 intentionally engaged in a course of action designed to humiliate the plaintiffs and deter them from entering the nominations meeting but did not intend to do other acts which were the proximate cause of the battery of the plaintiffs. Although the trial court instructed the jury that "[t]he intent necessary to constitute battery is not an intent to cause harm, but an intent to do the act which causes harm," we decline to read this instruction so broadly as to insulate Local 63 from liability simply because the jury failed to find liability for battery in addition to intentional infliction of emotional distress.
 
 
 13
 Local 63 next appeals the jury's award of punitive damages. Local 63 first claims that no evidence exists which supports a finding of its reckless indifference or malice towards the plaintiffs. However, there was substantial evidence that Local 63's actions were motivated by a dislike of the plaintiffs and that, at the very least, Local 63's organization of the nominations meeting was recklessly indifferent to the dangerous situation created by its actions. The jurors' finding was amply supported by the evidence: we will not substitute our judgment for theirs. See Bise v. International Brotherhood of Electrical Works, 618 F.2d 1299, 1306 (9th Cir.1979), cert. denied, 449 U.S. 904 (1980).[3]
 
 
 14
 Next, Local 63 contends that the jury's punitive damage award of $500,000 was grossly excessive and should be reversed. We disagree. Local 63's conduct was sufficiently reprehensible to justify the jury's award. The trial court's approval of this award is entitled to significant weight. See Roemer v. Retail Credit Company, 44 Cal.App.3d 926, 937 (1975). The punitive damages award is approximately seven times the compensatory damages award of $68,687.57. Trial testimony indicated that Local 63's net worth was around $200,000.00, but that it collected approximately $4.7 million in income each year. In this case, the annual income is of greater significance than the bank balance. Other cases have upheld punitive damage awards which were far more troublesome than that awarded in the present case. See, e.g., Hatrock v. Edward D. Jones Co., 750 F.2d 767 (9th Cir.1984); Wyatt v. Union Mortgage Company, 24 Cal.3d 773, 157 Cal.Rptr. 392 (1979); Wetherbee v. United Insurance Company of America, 18 Cal.App.3d 266, 95 Cal.Rptr. 678 (1981). The jury's punitive damages award of $500,000 was not excessive.
 
 
 15
 Local 63's next to last argument is that the district court's award of attorney's fees was improper. "Attorney's fees [in LMRDA actions] are allowable when: (1) the opposing party acted in bad faith; [or] (2) the litigation performed a valuable service for the union and its members." Bise, 618 F.2d at 1306. The district court correctly found both grounds to be present here. Local 63's "bad faith" was amply demonstrated by the jury's award of punitive damages, and the appropriateness of that award, see supra at 7-8, similarly justifies the district court's award of attorney's fees. See Hall v. Cole, 412 U.S. 1, 15 (1973) (" '[B]ad faith' may be found ... in the actions that led to the lawsuit."). The fee award was also proper under the common benefit doctrine. An injunction or other equitable relief is not a prerequisite to a fee award: all that is required is that "the plaintiff's successful litigation confer[ ] 'a substantial benefit on the members of an ascertainable class.' " Hall, 412 U.S. at 5 (quoting Mills v. Electric Auto-Lite Co., 396 U.S. 375, 393-94 (1970)). The plaintiffs' lawsuit--and the damage award--benefits all of Local 63's members by deterring Local 63 and its officers from engaging in similar intimidation in future union elections. See also Kinney v. International Brotherhood of Electrical Workers, 939 F.2d 690, 692 (9th Cir.1991) (awarding attorney's fees and noting that a "successful suit will deter the union from similar unlawful conduct in the future, even absent an award of damages, because the union now knows the action was illegal"). In addition, "by vindicating his own right, the successful litigant dispels the 'chill' cast upon the rights of others." Hall 412 U.S. at 8. The district court thus properly awarded attorney's fees to the plaintiffs.
 
 
 16
 Lastly, Local 63 challenges the amount of attorney's fees awarded by the district court. The claims in the present case overlapped significantly, and the district court carefully reviewed the fee request submitted by the plaintiffs. The district court's award did not constitute an abuse of discretion. See Bise, 618 F.2d at 1306.
 
 
 17
 The decision of the district court is AFFIRMED.
 
 
 
 *
 Hon. Fern M. Smith, U.S. District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Brown had a colorable claim to valid union membership on the day of the assault, and because the district court granted summary judgment against him on his federal claim only a week prior to trial, the district court properly retained Brown's state-law claims as an exercise of its pendent jurisdiction. See Rosado v. Wyman, 397 U.S. 397, 404-05 (1970); Aydin Corp. v. Loral Corp., 718 F.2d 897, 903-04 (9th Cir.1983)
 
 
 [2]
 Local 63 also claims that it is entitled to reversal because the instructions given to the jury on the agency issue contained a number of errors. Each of these claims is without merit. The court properly instructed the jury that it must find authorization, participation, or ratification before it could hold Local 63 liable for the acts of its agents, and these instructions were delivered both orally and in written form to the jurors. The failure to give certain particular instructions requested by Local 63--several of which misstated the appropriate law--in no way prejudiced Local 63's defense
 
 
 [3]
 Local 63 also asserts that the jury was improperly instructed on the issue of punitive damages because it was instructed that such damages could be awarded if Local 63's actions were "maliciously, or wantonly, or oppressively done" instead of done "with actual malice or reckless or wanton indifference." Local 63's contention borders on the frivolous. Local 63 also argues that the punitive damage instruction failed to indicate that punitive damages could not be awarded for mere negligence. However, the language of the punitive damage instruction clearly precluded such an award. Local 63 suffered no prejudice whatsoever from the punitive damage instruction given