## CIRCUIT COURT OF FAIRFAX COUNTY

Mana Krisnathevin

    v.

Five-Star Properties, Inc., et al.

January 10, 1992

Case No. (Law) 102094

BY JUDGE JACK B. STEVENS

This matter is before the Court on the Defendants' Motions for Summary Judgment. All defendants assert, *inter alia*, as grounds for their Motion for Summary Judgment that the statute of limitations has run on plaintiff's fraud and constructive fraud claims.

On the basis of the submissions, the Court is of the opinion that the plaintiff must be charged with having discovered or by the exercise of due diligence reasonably should have discovered the fraud he alleges no later than December 16, 1988. § 8.01–249(1), Code of Virginia (1950) as amended. *LaVay Corporation v. Dominion Federal Savings & Loan Association*, 645 F. Supp. 612 (E.D. Va. 1986). This action having been filed January 4, 1991, the statute of limitations of two years precludes the plaintiff from carrying on this action. § 8.01–243(A), Code of Virginia (1950) as amended. The defendants' Motions for Summary Judgment on this ground are therefore granted.

The Court finds that the plaintiff is charged with such discovery because of the following.

1. The plaintiff is on notice of the use for Block 1-C of "Community Facility" as set forth in the plat attached to the Deed of Dedication and Easement Agreement recorded in Deed Book 4839 at page 328, the plat being specifically recorded at pages 336 and 337. (Response to Five Star Request for Admissions No. 21; Response to Five Star Request for Document Admission Nos. 6 and 7). *Chavis v. Gibbs*, 198 Va. 379, 382 (1956).

2. The plaintiff received or became aware of the information in the "Jones" appraisal between closing in August and December 16, 1988. (Response to Five Star Request for Admission No. 27).

3. The plaintiff, under oath, has stated that the information in that "Jones" appraisal was sufficient for one, specifically Vista Federal Savings Bank, so that it "knew or should have known" that the zoning use for the property was not convenience center and that it could only be used for a day care center. The statement is binding on the plaintiff and, if sufficient for Vista Federal, is equally sufficient for plaintiff. (Response to Five Star Request for Document Admission No. 42, Para. 9). *Piggot v. Moran*, 231 Va. 76 (1986).

4. The plaintiff and a commercial realtor, on or about December 14 or 15, 1988, met with Fairfax County zoning staff seeking to confirm the information claimed to have been given by the defendants. While plaintiff denies that he understood the import of what he was provided, he nevertheless is charged with knowledge of what was transmitted to him at that time and that a problem existed as to zoning. (Response to Campagna Request for Admissions Nos. 50–57). *Piggot v. Moran, supra.*

5. The plaintiff, of course, is charged with knowledge of what he alleges were the fraudulent representations by the time of closing in August, 1988.

The only other ground for Summary Judgment that need be considered is that for Count III which charges "Negligent Misrepresentation." The Court agrees with the defendants' contention that no such cause of action is recognized in Virginia. However, even if such a cause were recognized, it would be subject to the same two year Statute of Limitations and thus barred.

In light of the granting of the defendants' Motions for Summary Judgment based upon the Statute of Limitations, the remaining Motions are deemed moot.